UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs

Case No.  25-20314
Hon.  Linda V. Parker

ROBERT GLAPINSKI,

      *Defendant.*

---

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

Dr. Robert Glapinski is 62 years old.  He was once a licensed physician engaged in family practice in Capac, Michigan, located in St. Clair County.  As a result of his pleas, he is no longer licensed and not practicing.

He is scheduled to be sentenced on March 19, 2026 as a result of his plea to one Count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), occurring on or about February 24, 2025.

This plea was entered in accordance with a Plea Agreement which dismisses Counts 2 and 3 of the Indictment, i.e., Count 2 - Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), occurring on or about January 2025, to in or around April 2025, and Count 3 - Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), occurring on or about April 8, 2025.  *See* ECF No. 26, PageID.80.

The Plea Agreement provides the government's recommendation that whatever sentence of imprisonment is imposed, not exceed the top of Dr. Glapinski's guideline range.  ECF No. 26, PageID.88 at ¶ 9.B.1.

Count 1 carries a maximum term of imprisonment of 20 years.  There is a mandatory minimum term of imprisonment of five years.  The period of supervised release requires a mandatory minimum period of five years, with the maximum period of life.

Dr. Glapinski presents this Sentencing Memorandum in support of a request for a sentence which is "sufficient but not greater than necessary" to accomplish the objectives of sentencing mandated in 18 U.S.C. § 3553(a), *et. seq*  That is a custodial sentence of seven years, coupled with the additional period of supervised release of five years. That results in a total commitment to this Court for at least 12 years.

**Legal Principles**

In *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court held that the mandatory imposition of federal sentencing guidelines is unconstitutional.

As a result of that decision, this Court has the power to more broadly exercise its discretion and fashion an individualized sentence.  *See United States v. Chandler*, 419 F.3d 484 at 486-487 (6th Cir. 2005).

The first step in the process is for the Court to calculate the applicable guideline range, and treat that range as advisory, then consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on the facts that are not clearly erroneous, and adequately explain why it

decided that sentence.  *See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). *See also United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

"A sentence is substantively unreasonable is a sentence which is too long . . . " *See United States v. Rayyan,* 885 F.3d 436, 442 (6th Cir. 2018).  A sentence is too long, when it is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2).  *See United States v. Lee*, 974 F.3d  670 (2020) at 676.

## Advisory Guideline Range

The Probation Department has concluded that the base level for this offense is 22.  That specific offense characteristics raise the level creating a base of 37, which is reduced to a total offense level 34 as a result of Dr. Glapinski's acceptance of responsibility and notification to the government of his intention to enter a plea. *See* Presentence Investigation Report, ¶¶ 20-34.

Based upon the total offense level of 34 and a criminal history category of I, the guideline imprisonment range is 151 months, i.e., 12½ years to 188 months, i.e., 15½ years.  *See* Presentence Investigation Report at ¶¶ 72-73.

## Application of the 18 U.S.C. § 3553(a) Factors

Once the guideline range has been determined, 18 U.S.C. § 3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in (2) of that subsection.  The Court then must apply these factors which will be analyzed seriatim so that the sentence is not a sentence which is too long based on Dr. Glapinski's behavior.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Dr. Glapinski has pled guilty and admitted responsibility to Count 1, i.e., Distribution of Child Pornography. This is a serious crime. It involves sharing child pornography on the internet with other individuals. It provides the market for child pornography, which is the end-line for the actual creators and distributors of this material. Without the customer who views and shares it, there would not be a market for this media production. Dr. Glapinski understands that. He did not fight the charges. He has acknowledged what he did was wrong and will do whatever he can to rectify that behavior.

Dr. Glapinski was raised by his adoptive parents. He has never met his real parents. He was adopted at the age of one year old. Though he does have a relationship with his siblings and his father, there is very little contact at this stage in his life between them.

At the ages of 17 and 18, Dr. Glapinski engaged in property offenses. It resulted in a prison sentence for which he was paroled in 1984 and discharged one year later prior to parole's expiration. It has been approximately 40 years since he has been involved in the legal system. To his credit, Dr. Glapinski was able, on his own, to attend school obtaining a Bachelor of Science degree in Idaho, a Master of Science degree from the same university, which resulted in his attending medical school, obtaining a Doctor of Osteopathic Medicine degree in 1996. He was then employed as a licensed physician and surgeon. At the time of the commission of this offense, he operated a medical practice which was a family practice in St. Clair County. It was

known as the Capac Family Practice from 2012 to 2025, and operated for approximately 15 years. This arrest has left many people in that area without a primary care physician. There were never any complaints from individuals about Dr. Glapinski's behavior which included treatment of children. Attached are character references as to his dedication, compassion, and kindness. They describe an individual that truly cares for people. They illustrate his behavior has cost his patients a wonderful doctor. See, Exhibit A - David Dickerson letter, Exhibit B - Pamela Dickerson letter, and Exhibit C - Thomas Jones' letter.

Dr. Glapinski's physical condition has been verified by the Probation Department. He has many medical challenges. He has been diagnosed with hypertension, diabetes, splenomegaly, and gastric reflux. He also has leukemia and has suffered mini-strokes. This is aggravated by a bone marrow disorder and coronary heart disease. He is on Lisinopril for hypertension, Lipitor for heart disease, Actos for diabetes, Synthroid for hypothyroid, Omeprazole for gastric reflux, and Naprosyn for spondylosis. *See* Presentence Investigation Report at ¶¶ 51-54.

The Adverse Childhood Experiences examination administered by the Probation Department resulted in a score of zero out of 10, which means he is at low risk for further negative behavioral and/or health outcomes. *See* Presentence Investigation Report at ¶ 56.

Dr. Glapinski is a substance abuser. He has experimented with many drugs. The primary use of drugs during the months prior to his arrest was marijuana. He used this because it helped with his pain. The Texas Christian University Drug Screen V suggested that he had a severe substance abuse disorder. Dr. Glapinski realizes he is

in need of substance abuse treatment, and wants to participate in that treatment. *See* Presentence Investigation Report at ¶ 56-60.

## To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

As noted by the Presentence Investigation Report at ¶ 91, Count 1 has a mandatory minimum imprisonment term for five years, followed by a required minimum term of five years for supervised release. That alone speaks for the seriousness of the offense. It is a 10 year sentence.

The sentence requested by Dr. Glapinski taking his age and health conditions into consideration of seven years, plus the minimum period of supervised release of five years, will make him responsible and obligated to this Court for a minimum of 12 years.

Though a supervised release term is not an incarcerative sentence, it has been recognized by the Supreme Court as not "a walk."

The Supreme Court had stated that because there are substantial restrictions on an individual's liberty being on supervised release, i.e., they may not leave the jurisdiction, move or change jobs without notifying, and in some cases receiving permission from their probation officer or the court. There are unannounced visits to their home, and other specialized and individualized conditions which can be imposed to monitor that individual's behavior. They are not free. *See Gall v. United States*, 552 U.S. 38 at 48 (2007). Dr. Glapinski's behavior would be monitored for a minimum of 12 years, until he reaches the age of 72. If the Court imposed a period of supervised

release longer, it could result in him being monitored at 75, 80, and/or the rest of his life.

**To afford adequate deterrence to criminal conduct**

The sentence requested also fulfills that objective. Deterrence is generally viewed as what impact the imposition of a sentence would have on others. It also deals with certainty of punishment. Not only does the sentence request and serve that objective because of Dr. Glapinski's age, any violation would surely result in a loss of freedom for the rest of his life.

**To protect the public from further crimes of the defendant**

This requested sentence also fulfills this objective. While in physical custody, the public is protected. While on supervised release, it is also protected. Again, Dr. Glapinski is not a young man. He has health issues. As the Probation Department has noted after his discharge from parole, there has been no criminal behavior until this case was brought before this Court. There is no violence in his background. Obviously, should there be a violation, the terms of a supervised release will result in his incarceration which could result in him being removed from the world for the rest of his life.

**To provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner**

Dr. Glapinski is educated. He does enjoy education and would take whatever classes are warranted. He does ask and request that he be placed in the Residential Drug Abuse Program (RDAP) as a result of his substance abuse issues, which are noted within the Presentence Investigation Report.

**The kinds of sentences available**

A minimum sentence of five years imprisonment has to be imposed, and a minimum period of supervised release of five years must be imposed.

**The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct**

According to the Presentence Investigation Report, the database for sentencing information concludes that the median length of imprisonment was from 108 months, i.e., nine years to 97 months, i.e., approximately 8.8 years.

The requested sentence is within that range. What the Sentencing Commission does not take into consideration is the age of the individual on whom the sentence is imposed. By sentencing Dr. Glapinski to the sentence as requested, does create a 12 year sentence to an individual that is currently 64 years old, resulting to a discharge assuming the period of supervised release is five years, to be 74.

**The need to provide restitution to any victims of the offense**

By statute.

## Conclusion

As the Court is well aware, the guidelines are advisory. The question is, what is a sentence sufficient, but not greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a), *et. seq.*

A sentence which a sentence sufficient, but necessary to comply with 18 U.S.C. § 3553(a), *et. seq.*, is the requested sentence of a period of seven years' custody, accompanied by a minimum term of supervised release of five years which in relation to Dr. Glapinski's age, is sufficient and not too long.

This Court should also recommend that Dr. Glapinski be placed at the Milan Correctional Facility so his friends and patients can visit, and allow him eligibility for the Residential Drug Abuse Program (RDAP) so Dr. Glapinski can deal with his substance issues.

Respectfully submitted,

/s/Jerome Sabbota
RIBITWER & SABBOTA, LLP
26862 Woodward Avenue, Unit 200
Royal Oak, Michigan 48067
(248) 543-8000
contact@ribitwersabbota.com
P25892

DATED:  February 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification of such filing to the Assistant United States Attorney.

/s/ Jerome Sabbota
Jerome Sabbota
contact@ribitwersabbota.com